**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SHARI L. ORTIZ,

Plaintiff,

v. Case No. 8:25-cv-1058-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

# OPINION AND ORDER[1]

## I. Status

Shari L. Ortiz ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of multiple sclerosis, neurological pain, back injuries, anxiety, and seizures. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed June 27, 2025, at 60, 70, 204. Plaintiff protectively filed an application for DIB on September 21, 2021, alleging a

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

disability onset date of August 22, 2021.[2] Tr. at 173-74. The application was denied initially, Tr. at 59, 60-67, 68, 85-88, and upon reconsideration, Tr. at 69, 70-77, 78, 96-98.

On February 13, 2024, an Administrative Law Judge ("ALJ") held a hearing, [3] during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 33-58. On April 3, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-20.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and orders), 167-69 (request for review), 323-611 (brief and attached exhibits). On March 14, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On April 28, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] The DIB application summary indicates it was actually completed on September 23, 2021. See Tr. at 173. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as September 21, 2021. See, e.g., Tr. at 60, 70.

[3] The hearing was held via telephone with Plaintiff's consent. See Tr. at 35, 99, 165.

On appeal, Plaintiff argues the ALJ: 1) failed to account for all of Plaintiff's impairments (severe and non-severe) in determining her residual functional capacity ("RFC"); 2) improperly bifurcated Plaintiff's past work into two different jobs when in fact it was one; 3) posed an incomplete hypothetical to the VE that is inconsistent with the RFC in the written Decision; 4) assessed an insufficient RFC with not enough detail; and 5) erred in finding Plaintiff can perform other work in the national economy at step five because two of the jobs the VE testified about are "obsolete." Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 14; "Pl.'s Mem."), filed July 25, 2025, at 1-2. On August 25, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on September 15, 2025, Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Reply") was filed.[4]

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of

---

[4] This case was reassigned to the undersigned on October 14, 2025 (Doc. No. 21). Prior to the reassignment, Plaintiff sought permission to exceed the page limitation on her reply brief (Doc. No. 18), and simultaneously filed the Reply that exceeds the limitation. The Magistrate Judge formerly assigned to the case entered an Order (Doc. No. 20) denying Plaintiff's motion seeking to file excess pages as part of the Reply. Plaintiff never refiled the Reply to comply with the Order. In an abundance of caution, the undersigned considered the Reply.

Plaintiff's RFC.[5] On remand, this reconsideration may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

[5] Plaintiff seeks a reversal with a direction that the SSA award benefits, or alternatively, reversal with remand. Pl.'s Mem. at 25. Although generally cases are remanded to the Commissioner for further proceedings, it may be appropriate to remand only for an award of disability benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)). This is not the type of case in which a direction for an award of benefits is appropriate, because disability has not been established without any doubt.

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 13-20. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 22, 2021, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease; multiple sclerosis, relapsing/remitting; pseudo seizures; and obesity." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 14 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except she can lift/carry 20 pounds occasionally, 10 pounds frequently; sit, stand, and walk for six hours in an eight-hour work day; occasionally climb ladders, ropes, and scaffolds;

> frequently climb ramps and stairs; frequently balance; and be frequently exposed to unprotected heights or dangerous equipment.

Tr. at 14 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a Medical Assistant, and Reception Clerk, as generally and actually performed." Tr. at 18 (emphasis omitted). The ALJ then made alternative findings at step five. After considering Plaintiff's age ("36 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," such as "Marker," "Router," and "Cashier II." Tr. at 19 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from August 22, 2021, through the date of th[e D]ecision." Tr. at 20 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff raises a litany of alleged problems with the ALJ's assessment of her RFC, but the ones that warrant detailed discussion pertain to the ALJ's assessment of the opinions of non-examining state-agency consultants Thomas Peele, M.D. and Gary Smith, M.D. See Pl.'s Mem. at 8-9. According to Plaintiff, despite finding Dr. Peele's opinion "persuasive," the ALJ did not account for Dr. Peele's assigned limitation of avoiding even moderate exposure to hazards in

the RFC. Id.; see Tr. at 17. Because Plaintiff suffers from pseudo seizures related to her multiple sclerosis, she contends the omission is material and inconsistent with her abilities. Pl.'s Mem. at 8-9. Moreover, Plaintiff contends the ALJ found that more limitations were necessary in the RFC than those assigned by Drs. Peele and Smith, but the ALJ did not explain what the additional limitations are or how they are supported. Id. at 9 (citing Tr. at 17); Reply at 2-3. Responding, Defendant defends the RFC generally, Def.'s Mem. at 5-10, and as to Drs. Peele and Smith, Defendant only discusses their overall findings "that Plaintiff was capable of performing a range of work at the light exertional level, again consistent with the ALJ's RFC finding," id. at 9 (citations omitted).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the

"ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most

[7] Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Malak, 131 F.4th at 1285. It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v.

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Dr. Peele on May 7, 2022 reviewed the evidence of record and opined Plaintiff was capable of light work with additional restrictions. Tr. at 64-65. Of particular importance here, Dr. Peele opined Plaintiff can only occasionally climb ramps and stairs due to her history of seizures and multiple sclerosis. Tr. at 64. Moreover, Dr. Peele opined Plaintiff should avoid even moderate exposure to hazards due to her history of seizures and multiple sclerosis. Tr. at 65. On reconsideration, Dr. Smith on May 31, 2023 reviewed the file and opined as relevant that Plaintiff can frequently climb ramps and stairs and occasionally climb ladders, ropes and scaffolds. Tr. at 75. Moreover, according to Dr. Smith, Plaintiff should avoid concentrated exposure to hazards due to her "[p]seudoseizures." Tr. at 75.

In the Decision, the ALJ wrote as follows regarding the opinions of Drs. Peele and Smith:

> The undersigned finds persuasive the assessments of Thomas Peele, MD, and Gary Smith, MD, the State's agency medical consultants, who found [Plaintiff] is capable of performing at a wide range of light exertion. Their assessments are supported by and consistent

> with essentially the normal findings during physical examinations she was able to move her limbs symmetrically, had good finger-to-nose test, no kinetic tremors, good rapid alternating movements bilaterally, good heel-to-shin test, narrow-based gait, normal tandem walk, and negative Romberg's Test. No clubbing, cyanosis, or edema was observed. Muscle strength was 5/5 all throughout major upper and lower extremities. Deep tendon reflexes were full and symmetric. Further, MRI reports revealed only mild findings and an electroencephalogram (EEG) study revealed normal findings. There were no definite epileptiform discharges or seizures noted. However, they did not have the benefit of reviewing the evidence received at the hearing level, which supports the additional limitations included in the [RFC].

Tr. at 17 (citations omitted).

The ALJ erred in evaluating the opinions of Drs. Peele and Smith. Despite finding these opinions were "persuasive" and finding that the RFC included "additional limitations" beyond those opined by these state-agency physicians, Tr. at 17, the ALJ actually included less as it relates to the restrictions at issue. In particular, the RFC limits Plaintiff to "frequently climb[ing] ramps and stairs," Tr. at 14, despite Dr. Peele's limitation to occasionally doing these things, Tr. at 64. Moreover, the RFC specifically finds Plaintiff can "be frequently exposed to unprotected heights or dangerous equipment," Tr. at 14, despite both doctors opining Plaintiff must avoid even moderate (Dr. Peele) or concentrated (Dr. Smith) exposure to hazards due to her seizure activity and multiple sclerosis, Tr. at 64, 75. Without the ALJ having recognized these

limitations, judicial review is frustrated. See, e.g., Weidlich v. Comm'r of Soc. Sec., 2023 WL 8015753, at *2 (11th Cir. 2023) (when an assigned RFC conflicted with a medical opinion that the ALJ found generally persuasive, finding "the absence of a clear explanation violates SSR 96-8p and constitutes reversible error"). Reversal and remand are required for reconsideration of the opinions of Drs. Peele and Smith.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the opinions of non-examining state-agency consultants Drs. Peele and Smith in assessing Plaintiff's RFC;

(B) If necessary, consider Plaintiff's other arguments on appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 28, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record